**VALLI KANE & VAGNINI, LLP**
*Attorneys for Plaintiff*
**600 OLD COUNTRY ROAD**
**GARDEN CITY, NY 11530**
**(516) 203-7180**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GARY BLANCH,

|  |  |
|---|---|
| Plaintiff, | **AMENDED COMPLAINT** |
| v. | 11 CV 3377 (DAB) |

NEW YORK CITY POLICE                          **JURY TRIAL DEMANDED**
DEPARTMENT, CAPTAIN CRAIG SHAPIRO, and
DEPUTY INSPECTOR ANGELO J. MAROULIS,

Defendants.
-------------------------------------------------------------------X

Plaintiff, Gary Blanch, by and through his attorneys Valli Kane & Vagnini LLP, brings

this action for damages and other legal and equitable relief from the Defendants for violation of

the laws proscribing retaliation stating the following as Plaintiff's claims against Defendants.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which

confers original jurisdiction upon this Court for actions arising under the laws of the United

States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction

upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act

of Congress providing for the protection of civil rights, including Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*; (ii) under the Declaratory Judgment Statute,

28 U.S.C. § 2201. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. §

1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a

common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution, including claims under the New York State Human Rights Law and New York City Human Rights Law.

2.      Venue is proper in this Court in as much as this judicial district lies in a State in which the unlawful employment practices occurred.  Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conducts business and resides in this district.

## PARTIES

3.      Plaintiff Gary T. Blanch ("Lieutenant Blanch") was employed by New York City Police Department at its Auxiliary Police Section located at 120-55 Queens Boulevard, Kew Gardens, New York 11424 and he was forced to retire on or about July 25, 2008.

4.      Defendant New York City Police Department is an employer with its principal place of business at One Police Plaza, New York, New York 11038.

5.      Defendant Captain Craig Shapiro was the Executive Officer assigned to the Auxiliary Police Section at 120-55 Queens Boulevard, Kew Gardens, New York 11424 and was one of Plaintiff's immediate supervisors.

6.      Defendant Deputy Inspector Angelo J. Maroulis was the Commanding Officer assigned to the Auxiliary Police Section at 120-55 Queens Boulevard, Kew Gardens, New York and was one of Plaintiff's immediate supervisors.

## PROCEDURAL HISTORY AND ADMINISTRATIVE EXHAUSTION

6.      Plaintiff filed a Notice of Claim with the City on or about April of 2008.

7.      On April 25, 2008, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No.: 520-2008-02889.

8.      Plaintiff was issued a notice of Right to Sue Letter dated February 10, 2011, from the EEOC.

9.      Plaintiff will serve this Amended Complaint within ten (10) days of filing upon the New York City Division of Human Rights and Corporation Counsel as required by the New York City Human Rights Law.

## STATEMENT OF FACTS

10.     Plaintiff began his employment with Defendant New York City Police Department ("NYPD") on or about July 15, 1986 as an NYPD Officer.

11.     Throughout his employment with Defendant NYPD, Plaintiff had an excellent work record. In the Plaintiff's twenty-one and a half years of service, he never received a single negative evaluation.

12.     In or around 1992, Plaintiff was promoted to Sergeant and in 1999 received another promotion to New York City Police Department Lieutenant.

13.     On or about July 4, 2001, Plaintiff was assigned to the Auxiliary Police Sections as an Administrative Supervisor. Under this new title, Plaintiff was under the direct command and immediate supervision of Commanding Officer Deputy Inspector Angelo J. Maroulis.

14.    On or about July 9, 2007, Captain Craig Shapiro was assigned to the office as Executive Officer.

15.    On or about November of 2007, Captain Shapiro was on his way to the bathroom when he told a female subordinate that he was going to "shake hands with the president" and then proceeded to ask her if she would like to come to "meet the president." Clearly, Captain Shapiro was referencing his phallus.

16.    The female subordinate reported the event to several lower ranking superiors included Plaintiff's subordinate, Sergeant Vito Buccellato.

17.    On November 21, 2007, pursuant to Defendant's own EEO policy, Sgt. Buccellato reported the discriminatory sexual comment to the NYPD Office of Equal Employment.

18.    In January 2008, Captain Shapiro communicated to Plaintiff that he wanted Plaintiff to give his subordinate, Sgt. Buccellato, a negative evaluation.  However, because this evaluation request was baseless, Plaintiff refused.  Rather, Plaintiff issued Sgt.  Buccellato a fair and appropriate "above standards" evaluation which he deserved.

19.    Plaintiff's supervisors, Captain Shapiro and Commanding Officer Deputy Inspector Maroulis then proceeded to retaliate against Plaintiff by creating a hostile work environment.

20.    On January 31, 2008, Captain Shapiro and Commanding Officer Deputy Inspector Maroulis unsuccessfully attempted to coerce Police Officer Thaler to falsely state that Plaintiff made anti-Semitic remarks against Thaler.

21.     On February 4, 2008, Commanding Officer Deputy Inspector Maroulis told Plaintiff to transfer out of Auxiliary Police Section to a patrol precinct. This was a poorly guised threat to Plaintiff.

22.     On February 19, 2008, Captain Shapiro, under the direction of Commanding Officer Deputy Inspector Maroulis, ordered Plaintiff to work only day tours, effectively decreasing Plaintiff's salary that he had respectfully earned over a twenty-one and a half year career.

23.     Prior to his refusal to submit a false evaluation, Plaintiff was working approximately two evening shifts a week.

24.     Since Plaintiff's assignment to the Auxiliary Police Section on July 4, 2001, he was the only uniformed member of the office to ever be ordered to work steady tours, particularly day tours.

25.     On February 20, 2008, Plaintiff filed an EEO complaint (OEEO claim # 0060s08) regarding the harassment he experienced by the hands of his supervising officers.

26.     Soon after the filing of his complaint, the retaliation from Captain Shapiro and Commanding Officer Deputy Inspector Maroulis increased exponentially.

27.     On February 21, 2008, Captain Shapiro and Commanding Officer Deputy Inspector Maroulis gave Plaintiff a negative evaluation for the period of January 16, 2007 to January 15, 2008 and issued a request to transfer in retaliation.

28.     In his over two decades of employment with Defendant, Plaintiff never received a

negative evaluation. This evaluation is completely contradictory to the positive evaluations that Plaintiff has received in years past. There was no documentary or factual foundation for Captain Shapiro and Commanding Officer Deputy Inspector Maroulis negative evaluation of the Plaintiff for this period.

29.     The next day, February 22, 2008, Captain Shapiro and Commanding Officer Deputy Inspector Maroulis placed Plaintiff on a "Level II Negative Performance Monitoring" Program in further retaliation.

30.     On March 20, 2008, Captain Shapiro and Commanding Officer Deputy Inspector Maroulis, again attempted to coerce Police Officer Thaler to state that Plaintiff made anti-Semitic remarks towards him. They were unsuccessful in their attempts.

31.     On April 2, 2008, Commanding Officer Deputy Inspector Maroulis stated to Plaintiff "I know you made a complaint." Commanding Officer Deputy Inspector Maroulis was clearly referring to the complaint Plaintiff made on February 20, 2008.

32.     While much of the retaliatory conduct Plaintiff experienced was due to his refusal to assist in retaliation against Sgt. Buccellato, the harassment continued and escalated because Plaintiff filed a complaint of his own.

33.     On April 2, 2008, Captain Shapiro instructed Commanding Officer Deputy Inspector Maroulis to give Plaintiff a "Charges & Specifications" form of a disciplinary action. The pretextual reason for the disciplinary action was due to Plaintiff's not being in the "movement log/interrupted patrol log" while he was in the locker room changing into his uniform.

34.     On April 18, 2008, Commanding Officer Deputy Inspector Maroulis told Plaintiff that he was transferred to the 67th Precinct in Brooklyn.  This transfer was a demotion for Plaintiff which changed his role from an administrative employee, a highly desirable position, to an officer on patrol.

35.     Clearly, Plaintiff was harassed, threatened, issued negative evaluations and demoted in retaliation for refusing to issue a negative evaluation to his subordinate who complained of a sexually discriminatory comment and for his complaints of retaliation.

36.     On or around April 25, 2008, Plaintiff filed a charge of retaliation with the Equal Employment Opportunity Commission.

37.     At this point in his career, Plaintiff was the most senior Lieutenant and the second most senior uniformed individual of all ranks.

38.     In or around May of 2008, Plaintiff was subjected to further retaliation and was transferred to the 67th Precinct to patrol. This was essentially a demotion.

39.     Since 2001, Plaintiff was not required to patrol as patrolling is usually assigned to new police officers. Additionally, the 67th Precinct is the most dangerous and busiest location to patrol in Brooklyn, NY.   Individuals with Plaintiff's experience and rank are not usually transferred to patrol at the 67th Precinct involuntarily unless it is for disciplinary purposes.  In fact, this assignment is usually awarded to new police officers, not individuals who held ranks as high as Plaintiff.

40.     Additionally with this transfer assignment, Plaintiff was not awarded any weekend days off. Plaintiff was assigned to have Tuesday and Wednesday as his steady days off,

7

essentially requiring him to work every Saturday and Sunday without hope of having a day off on the weekend. In addition, although Plaintiff was the most senior Lieutenant assigned to the 67th Precinct, he was only allowed to work day tours. This assignment purposefully and maliciously did not allow Plaintiff to work night shifts so that he could not recover night differential pay.

41.     Clearly this transfer and demotion was in retaliation of Plaintiff's complaints. He was issued a transfer to a patrol position in the most dangerous precinct in an effort to threaten him and force him to resign.

42.     These harassing and retaliatory acts forced Plaintiff into retirement in or around July 25, 2008.

### AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST DEFENDANT NEW YORK CITY POLICE DEPARTMENT FOR RETALIATION IN VIOLATION OF TITLE VII

43.     Plaintiff was subjected to retaliation by Defendant New York City Police Department for refusing to issue false evaluations for his subordinate who complained of a superior's sexual discriminatory comments and in retaliation for his own complaints of retaliation.

44.     This retaliation revealed itself in the form of harassment, a hostile work environment, threats, demotion and forced retirement.

45.     Plaintiff complained about the harassment, hostile work environment, and retaliation.

46.     Plaintiff was subjected to retaliation for his complaints in the form of harassment,

a hostile work environment, demotion, and forced retirement.

47.    This is in direct violation of Title VII ("Civil Rights Act of 1964, as amended").

48.    As a result of this illegal action, Plaintiff has been damaged by having lost wages and benefits since his demotion and forced retirement. Additionally, Plaintiff has been physically and emotionally damaged in an amount that is not presently calculable due to the ongoing and future effects.

**AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION
AGAINST DEFENDANT NEW YORK CITY POLICE DEPARTMENT
FOR RETALIATION IN VIOLATION OF THE
NEW YORK STATE HUMAN RIGHTS LAW**

49.    Plaintiff was subjected to retaliation by New York City Police Department for refusing to issue false evaluations for his subordinate who complained of a superior's sexual discriminatory comments and in retaliation for his own complaints of retaliation.

50.    This retaliation has revealed itself in harassment, a hostile work environment, demotion, and forced retirement.

51.    Plaintiff complained of harassment, hostile work environment, and retaliation.

52.    Plaintiff was subjected to retaliation for his complaints in the form of harassment, a hostile work environment, demotion, and forced retirement.

53.    This is in direct violation of the New York State Human Rights Law, Executive Law § 290 et. seq.

54.    As a result of this illegal action, Plaintiff has been damaged by having lost wages and benefits since his demotion and forced retirement. Additionally, Plaintiff has been physically

and emotionally damaged in an amount that is not presently calculable due to the ongoing and
future effects.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION
## AGAINST ALL DEFENDANTS FOR RETALIATION IN VIOLATION OF THE
## NEW YORK CITY HUMAN RIGHTS LAW

55.     Plaintiff was subjected to retaliation by Defendants for refusing to issue false
evaluations for his subordinate who complained of a superior's sexual discriminatory comments
and in retaliation for his own complaints of retaliation.

56.     Plaintiff complained of retaliation.

57.     Plaintiff was subjected to retaliation for his complaints in the form of harassment,
a hostile work environment, demotion, and forced retirement.

58.     This is in direct violation of the New York City Human Rights Law, New York
City Administrative Code § 8-107.

59.     As a result of this illegal action Plaintiff has been damaged by having lost wages
since his termination.  Additionally, Plaintiff has been physically and emotionally damaged in an
amount that is not presently calculable due to the ongoing and future effects.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT CAPTAIN CRAIG SHAPIRO
## FOR AIDING AND ABETTING IN VIOLATION OF THE
## NEW YORK CITY HUMAN RIGHTS LAW

60.     Defendant Captain Craig Shapiro aided and abetted New York City Police
Department's retaliatory actions against Plaintiff for refusing to issue false evaluations for his
subordinate who complained of a superior's sexual discriminatory comments and in retaliation
for his own complaints of retaliation.

61.    Plaintiff complained of retaliation.

62.    Plaintiff was subjected to retaliation for his complaints in the form of harassment, a hostile work environment, demotion, and forced retirement.

63.    This is in direct violation of the New York City Human Rights Law, New York City Administrative Code § 8-107.

64.    As a result of this illegal action Plaintiff has been damaged by having lost wages since his termination.  Additionally, Plaintiff has been physically and emotionally damaged in an amount that is not presently calculable due to the ongoing and future effects.

<u>**AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION
AGAINST DEFENDANT DEPUTY INSPECTOR ANGELO J. MAROULIS
FOR AIDING AND ABETTING IN VIOLATION OF THE
NEW YORK CITY HUMAN RIGHTS LAW**</u>

65.    Defendant Deputy Inspector Angelo J. Maroulis aided and abetted New York City Police Department's retaliatory actions against Plaintiff for refusing to issue false evaluations for his subordinate who complained of a superior's sexual discriminatory comments and in retaliation for his own complaints of retaliation.

66.    Plaintiff complained of retaliation.

67.    Plaintiff was subjected to retaliation for his complaints in the form of harassment, a hostile work environment, demotion, and forced retirement.

68.    This is in direct violation of the New York City Human Rights Law, New York City Administrative Code § 8-107.

69.    As a result of this illegal action Plaintiff has been damaged by having lost wages since his termination.  Additionally, Plaintiff has been physically and emotionally damaged in an amount that is not presently calculable due to the ongoing and future effects.

11

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment on his first, second, third, fourth and fifth causes of action directing Defendants to compensate Plaintiff for his economic loss, humiliation, embarrassment, physical and emotional distress, and mental anguish caused by Defendants violations of the law alleged in this Complaint.   Plaintiff also seeks an award of punitive damages where warranted that are commensurate with Defendants' ability to pay and so as to deter Defendants' future wanton, willful and malicious acts as outlined in the Complaint. Plaintiff also seeks costs and disbursements of this action, including reasonable attorney's fees and costs, and any such other and further relief the Court may deem just and proper.


DATED:       May 23, 2011
             Garden City, NY 11530


                                        _____
                                        James A. Vagnini (JV-2163)
                                        Valli Kane & Vagnini, LLP
                                        600 Old Country Road, Suite 519
                                        Garden City, NY 11530
                                        516-203-7180